# Marc A. Stephens

271 Rosemont Place, Englewood, NJ 07631, 201-598-6268

December 15, 2014

Honorable Judge William J. Martini
NJ District Court

**RECEIVED**
DEC 2 2 2014
AT 8:30
WILLIAM T. WALSH
        M

## Request for Reconsideration

**RE: Marc Stephens vs Edward Jerejian, et el Civil Complaint 2:14-cv-06688-WJM-MF**

Dear Judge Martini,

    I am in receipt of your Opinion and Order dated December 9, 2014. You're decision to deny the case was based on (1) Plaintiff's failure to plead a plausible cause of action because plaintiff did not attach a complaint, and (2) that the denial of the firearm application was likely justified.

    On September 2, 2014, you granted the "fee waiver" for my case Marc Stephens, et el v City of Englewood case # 2:24-cv-05362-WJM-MF, **see Exhibit 1**.

    On October 27, 2014, I did file a complaint with the clerk's office along with the IFP "fee waiver" application. Before I forwarded the complaint via mail, I asked the clerk's office if I had to re-send the same financial information that is on record with your chambers. I was advised to just forward the complaint with the fee waiver request without the financials.

    On November 5, 2014, I was informed by, Ms. Hansen, in your chambers, of the Denial of my fee waiver request for the case indicated above. I was told I needed to submit supporting documents regarding my indigence. Ms. Hansen clarified the financial documents needed to be submitted for every new case regardless of the fact that previous supporting documents are on file with your chambers. So I forwarded the financials the next day, November 6, 2014.

    I filed the recent lawsuit Stephens vs Jerejian et al (1) the judge denied my firearm application because he believed that my brother, Tyrone Stephens, who has a robbery conviction, reside with me despite the fact I provided proof that he <u>did not</u> and <u>will not</u> after his release from jail, (2) the judge denied my firearm application despite the fact that I had <u>no disqualifiers</u>, and I <u>proved justifiable need</u> which two police officers confirmed and testified in court, and (3) I argued that New Jersey firearm laws are facially unconstitutional.

    First, in regards to Proof of residence, please see **EXHIBIT 2, page 2, paragraphs 1-3**, which is my Motion for Reconsideration filed <u>March 17, 2014</u> with judge Jerejian, stating that my brother does not reside with me. I <u>clearly argued</u> that In The Matter of the Appeal by Starr Barrett, Docket No. A-2283-09T4 (N.J. App. Div. Feb. 16, 2011), the Appellant Division of the Superior court **granted** her application based on her testimony that her husband, Wayne Moore, would not be residing with her once he was released from prison.

    This case involved the denial of Starr Barrett's application due to her association with two individuals with criminal records, her cousin and de facto husband who was at the time incarcerated in the Garden State Youth Correctional Facility in Yardville, New Jersey. After a hearing on November 20, 2009, the trial court reversed the Chief's decision and **granted** Barrett's application. Hillside Township appealed the trial court's decision, claiming that the issuance of the FPIC and permit to Barrett is not "in

the interest of the public health, safety or welfare" because of her association with the father of her seven-year-old child and the father's cousin.

The court gave appropriate deference to Deputy Chief Anthony Mayer's decision, in which he relied upon Mayer's determination that Wayne resided with Barrett prior to his incarceration and would likely reside with her when released. The trial court, however, found that Barrett was credible when she testified that she will not be residing with Moore, and granted the permit subject to that condition. The court's credibility finding is entitled to deference on appeal. **See Weston, supra, 60 N.J. at 46.** On appeal from Superior Court of New Jersey stated, "We will not disturb that ruling".

Star Barrett only provided testimony in court. I provided testimony and physical evidence. Please see **EXHIBIT 3**, which is a doctor's note from the Bergen County Juvenile Center back on May 16, 2013, 10 months before Judge Jerejian denial, stating that Tyrone, "Social History: *Previously lived with his mother and older brother (39)*", Judge Jerejian disregarded all of my evidence and the testimony of the officers. In addition, the document (next paragraph) also revealed that Tyrone and his doctor thought his attorney Nina Remson dismissed his robbery charge, *"Prior Legal Hx: Prior dismissed charge for shoplifting/robbery"*.

This is why I filed the lawsuit case # 2:24-cv-05362-WJM-MF against his attorney Ms. Nina Remson for breach of contract, intentional infliction of emotional distress, and ineffective assistance of counsel, because we **adamantly** stated not to take any plea deal, and she agreed in writing. See **EXHIBIT 4** August 12, 2012, Ms Remson stated *"Bottom line if you do not want the plea bargain that is fine…I don't blame you or Tyrone. He is fully entitled to a trial. But, I need to be compensated for my time"*. And **EXHIBIT 5** which is a letter from Ms Remson dated **September 8, 2012**, stating *"I understand your position that you will not consider a plea bargain under any circumstances"*. I found out about my brothers robbery conviction several months later at my gun hearing with Judge Jerejian. The prosecutor, Mr. Ryan McGee, handed me a copy of the Order which is dated **September 17, 2012**, 9 days after Ms. Remson's letter **see EXHIBIT 6**. Mr. McGee was also the prosecutor for my brother's robbery case, so he is also fully aware that for 6 months I was adamant about not taking a plea deal. The reason why I would not take a deal is because I have **the video** of the alleged robbery. Ms. Remson clearly did not fully watch the video or speak to the witnesses. In addition, our trial date was set for October 25, 2012.

Second, In regards to satisfying the justifiable need standard and no disqualifiers, please see **EXHIBIT 7**, which is page 4, paragraph 17-44 of my Motion for Reconsideration filed March 17, 2014 with Judge Jerejian regarding the testimony of Sgt. Alston of the Englewood Police Department stating that I have no disqualifiers, and the testimony of Sgt. Pulice of the Englewood Police Department stating the threats against me and my family are "serious threats". Using the phrase "justifiable need," the New Jersey Supreme Court held again that a permit to carry a handgun should only be issued to "those who can establish an urgent necessity for protection of self or others as for example, in the case of one whose life is in danger as evidenced by "serious threats" or earlier attacks." **Preis, supra, 118 N.J. at 566.**

In conclusion, I provided a $400 check to the clerk's office along with the civil complaint. I would greatly appreciate if the case was re-opened and/or filed. Thank you.

Respectfully Submitted,

**Marc Stephens**
Plaintiff, pro se
December 15, 2014

# Marc A. Stephens

271 Rosemont Place, Englewood, NJ 07631, 201-598-6268

December 15, 2014

Honorable Judge William J. Martini
NJ District Court

**RE: Marc Stephens vs Edward Jerejian, et el Civil Complaint 2:14-cv-06688-WJM-MF**

Dear Clerk,

Enclosed please find:
1. Request to reconsider reopening and/or filing case 2:14-cv-06688-WJM-MF
2. Civil Complaint, 29 pages, which was originally filed in October. Judge Martini denied my fee waiver request stating I did not file a complaint. I was told that if there is a case number that means the complaint was received and filed.
3. $400 check for the filing of the civil complaint.
4. Civil Cover Sheet
5. Summons

Respectfully Submitted,

**Marc Stephens**
Plaintiff, pro se
December 15, 2014

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Marc A. Stephens

**DEFENDANTS**
Hon. Judge Edward Jerejian, Chief Arthur O'Keefe

**(b)** County of Residence of First Listed Plaintiff   Bergen
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question *(U.S. Government Not a Party)*
☐ 2   U.S. Government Defendant
☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. Code § 1983
Brief description of cause:
Civil action for deprivation of rights under United States Constitution

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** Relief
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  12/15/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| Marc A. Stephens | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. |
| Hon. Judge Edward Jerejian, Chief Arthur O'Keefe | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Hon. Judge Edward Jerejian, 10 Main Street, Room 306, Hackensack, NJ 07601;
Chief Arthur O'Keefe, 75 South Van Brunt Street, Englewood, NJ 07631

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: