UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE


MARC A. STEPHENS,       )

       Plaintiff,     )

    v.           )

THE HONORABLE EDWARD A.  )
JEREJIAN, in his
Official Capacity as    )   HON. WILLIAM J. MARTINI, U.S.D.J.
Judge of the Superior
Court of Bergen County;  )
CHIEF ARTHUR O'KEEFE, as
an individual, and in    )   Docket No. 14-06688
his Official Capacity as
Chief of the Englewood,  )
New Jersey Police
Department           )
JOHN JAY HOFFMAN in his
Official Capacity as    )
Attorney General of New
Jersey             )

       Defendants.    )

_____

DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND
12(b)(6).

_____

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
(609) 633-7786

ADAM ROBERT GIBBONS
Deputy Attorney General
  On the Brief

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT..............................................1

STATEMENT OF FACTS.................................................1

STANDARD OF REVIEW................................................3

    A.   MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(1)....................................................3

    B.   MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(6)....................................................4

ARGUMENT

    POINT I

        PLAINTIFF'S FEDERAL CONSTITUTIONAL CLAIMS MUST BE DISMISSED BECAUSE NEW JERSEY'S FIREARM LICENSING STATUTES HAVE BEEN HELD TO BE CONSTITUTIONAL.........5

    POINT II

        PLAINTIFF'S DEMANDS FOR AN INJUNCTION PERMANENTLY RESTRAINING DEFENDANTS FROM ENFORCING NEW JERSEY'S FIREARMS LAWS MUST BE DISMISSED BECAUSE THE DISTRICT COURT LACKS JURISDICTION PURSUANT TO THE PENNHURST DOCTRINE....................................7

    POINT III

        PLAINTIFF'S DEMAND FOR AN INJUNCTION DIRECTING DEFENDANTS TO APPROVE HIS APPLICATIONS SHOULD BE DISMISSED BECAUSE THE DISTRICT COURT LACKS JURISDICTION PURSUANT TO THE ROOKER-FELDMAN DOCTRINE...........................................11

    POINT IV

        PLAINTIFF'S CLAIMS AGAINST THE HONORABLE EDWARD A. JEREJIAN FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS PLAINTIFF HAS NO BASIS FOR RELIEF.................15

CONCLUSION.......................................................17

i

## TABLE OF AUTHORITIES

### CASES

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ......................................... 4, 5

Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs,
  398 U.S. 281 (1970) .......................................... 12

Azubuko v. Royal,
  443 F.3d 302 ................................................. 15

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ......................................... 4, 5

Bolling v. Haymann,
  2010 U.S. Dist. LEXIS 36809 (D.N.J. April 14, 2010) ......... 16

Brown v. U.S. Steel Corp.,
  2010 U.S. Dist. LEXIS 115503 (W.D. Pa. Oct. 29, 2010) .... 3, 16

Bukovinsky v. Pennsylvania,
  455 F. App'x. 163 (3d Cir. 2011) ........................... 13

Dist. Of Columbia Court of Appeals v. Feldman,
  460 U.S. 462 (1983) ......................................... 12

District of Columbia v. Heller,
  554 U.S. 570 (2008) ........................................ 6, 7

Drake v. Filko,
  724 F.3d 426 (3d Cir. 2013) ................................. 6

Everett v. Schramm,
  772 F.2d 1114 (3d Cir. 1985) ................................ 8

Ex parte Young,
  209 U.S. 123 (1908) ......................................... 8

Exxon Mobil Corp. v. Saudi Basic Ind. Corp.,
  544 U.S. 280 (2005) ......................................... 12

Gould Elecs., Inc. v. United States,
  220 F.3d 169 (3d Cir. 2000) ................................. 4

Great Western Mining & Mineral Co. v. Fox Rothschild, LLP,
  615 F.3d 159 (3d Cir. 2010) ................................. 12

Guarino v. Larsen,
  11 F.3d 1151 (3d Cir. 1993) ................................. 4

In re Dubov,
  410 N.J. Super. 190 (App. Div. 2009) ..................... 6, 7

Kehr Packages, Inc. v. Fidelcor,
  926 F.2d 1406 (3d Cir. 1991) ................................ 4

Lujan v. Defenders of Wildlife,
  504 U.S. 555 (1992) ......................................... 4

Mirayes v. O'Connor,
  2013 U.S. Dist. LEXIS 175058
  (D.N.J. December 11, 2013) ................................. 14

Mortensen v. First Fed. Sav. & Loan Ass'n,
  549 F.2d 884 (3d Cir. 1977) ................................. 3

Pennhurst State Sch. & Hosp. v. Halderman,
  465 U.S. 89 (1984) .................................... 8, 9, 11

Rooker v. Fid. Trust Co.,
  263 U.S. 416 (1923) ........................................ 12

Smolow v. Hafer,
  353 F. Supp. 2d 561 (E.D. Pa. 2005) ........................ 3

**STATUTES**

18 U.S.C. § 1983.............................................. 1

42 U.S.C. § 1983............................................. 15

N.J.S.A. 10:6-1............................................. 15

N.J.S.A. 2C:58-3........................................... 10

N.J.S.A. 2C:58-3(c).......................................... 6

N.J.S.A. 2C:58-3(c)(5).................................... 2, 6

N.J.S.A. 2C:58-4........................................ 6, 10

**RULES**

Fed. R. Civ. P. 12(b)(1) ................................. 3, 4, 14

Fed. R. Civ. P. 12(b)(6) ....................................... 3

## <u>PRELIMINARY STATEMENT</u>

Plaintiff, Marc Stephens, filed this 18 <u>U.S.C.</u> § 1983 suit against the Honorable Edward A. Jerejian, J.S.C., and Acting Attorney General of New Jersey John Jay Hoffman (collectively "State Defendants"), alleging that they violated his rights under the State and Federal Constitutions by unlawfully denying his application for a firearms purchaser identification card and two permits to purchase a handgun. Plaintiff's Amended Complaint is procedurally barred and fails to state a claim upon which relief can be granted. Plaintiff's Federal Constitutional Claims should be dismissed because the United States Court of Appeals for the Third Circuit and the Superior Court of New Jersey, Appellate Division, have already determined that New Jersey firearms licensing statutes are constitutional. Furthermore, the <u>Pennhurst</u> and <u>Rooker-Feldman</u> doctrines preclude this court from exercising jurisdiction in this matter. Lastly, Judge Jerejian must be dismissed from this matter as Plaintiff has no basis for relief against a Judge acting in his official capacity.

## <u>STATEMENT OF FACTS</u>

On January 11, 2013, Plaintiff filed an application for a firearms purchase identification car and two permits to purchase a handgun with the Englewood Police Department. <u>Complaint Deprivation of Civil Rights Under Color of Law</u> (hereinafter "Amended Complaint" submitted herewith as Exhibit A, ¶ 96).

Therein, Plaintiff detailed what he regarded as "multiple threats" against him and his family.  (Exhibit A, ¶ 96).  On June 4, 2013, Englewood Police Department Chief Arthur O'Keefe denied Plaintiff's application, citing the "public health, safety or welfare" provision, <u>N.J.S.A.</u> 2C:58-3(c)(5).

On June 7, 2013, Plaintiff appealed Chief O'Keefe's denial to the Superior Court of New Jersey, Law Division.  (Exhibit A, ¶ 102).  Plaintiff argued that the denial was improper on substantive grounds and filed a brief arguing "that the NJ firearm Law is unconstitutional."  (Exhibit A, ¶¶ 103 & 106-109).   On November 15, 2013, and February 14, 2014, the Honorable Edward A. Jerejian, J.S.C. conducted a hearing *de novo*, heard testimony and denied Plaintiff's applications.  (Exhibit A, ¶¶ 106 & 109).  On March 6, 2014, Judge Jerejian signed an Order denying Plaintiff's applications, primarily because the issuance of the permits would be against the public health, safety or welfare, pursuant to <u>N.J.S.A.</u> 2C:58-3(c)(5). (Exhibit A, ¶ 110).  On March 17, 2014, Plaintiff filed a motion for reconsideration of Judge Jerejian's March 6, 2014 Order.  (Exhibit A, ¶ 111).  On August 7, 2014, Plaintiff's motion was heard and denied.  (Exhibit A, ¶ 115).

On October 27, 2014, Plaintiff filed the within action with this Court.  Plaintiff's Complaint was dismissed on October 31, 2014, after this Court denied Plaintiff's application to proceed as

indigent.  On December 22, 2014, after submitting the filing fee and filing an Amended Complaint, Plaintiff's case was reopened.

State Defendants now file the within motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## STANDARD OF REVIEW

### A. MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(1).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a District Court must distinguish between facial and factual challenges to its subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack a Defendant argues that the Plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005). On the other hand, if the Court is considering a "factual" attack, where a challenge is based on the sufficiency of the jurisdictional fact, the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case. Brown v. U.S. Steel Corp., 2010 U.S. Dist. LEXIS 115503, at *6 (W.D. Pa. Oct. 29, 2010). For both categories of attack a plaintiff has the burden of proving jurisdiction.

In the instant case, this Court lacks jurisdiction to enjoin State Defendants because such relief is barred by the Eleventh

3

Amendment/Pennhurst doctrine and the Rooker-Feldman doctrine. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (holding that a plaintiff must have standing to present a justiciable "case" or "controversy" over which the federal courts have subject matter jurisdiction); Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (holding that an Eleventh Amendment defense is properly addressed in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and not 12(b)(6)) (citing Kehr Packages, Inc. v. Fidelcor, 926 F.2d 1406, 1409 (3d Cir. 1991)); Guarino v. Larsen, 11 F.3d 1151, 1156-57 (3d Cir. 1993) (holding that the Rooker-Feldman doctrine divests a District Court of subject matter jurisdiction when applicable).

   B. MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P.
      12(B)(6).

There are two working principles underlying this motion to dismiss standard. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." Id., 556 U.S. at 679, 129 S. Ct. at 1950.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.; see also Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

**ARGUMENT**

**POINT I**

> PLAINTIFF'S FEDERAL CONSTITUTIONAL CLAIMS MUST BE DISMISSED BECAUSE NEW JERSEY'S FIREARM LICENSING STATUTES HAVE BEEN HELD TO BE CONSTITUTIONAL.

Plaintiff's Federal Constitutional claims should be dismissed because the Third Circuit Court of Appeals and the New Jersey Appellate Division have already determined that New Jersey's firearms licensing statutes are constitutional.  In the Amended Complaint, Plaintiff demands a declaratory judgment, holding that New Jersey's firearms statutes "infringe[] upon the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment [sic] of the United States Constitution...."  (Exhibit A, Prayer For Relief, at ¶ a.).

Further, Plaintiff demands an injunction permanently restraining Defendants from enforcing New Jersey's firearms statutes as a violation of the United States Constitution. (Exhibit A, Prayer For Relief, at ¶ b.).

The Third Circuit, in Drake v. Filko, 724 F.3d 426 (3d Cir. 2013), squarely rejected a claim that the Second Amendment includes an unqualified right to carry a firearm. 724 F.3d at 429. In so holding, the court concluded New Jersey's "requirement that applicants demonstrate a 'justifiable need' to publicly carry a handgun for self-defense qualifies as a 'presumptively lawful,' 'longstanding' regulation and therefore does not burden conduct within the scope of the Second Amendment's guarantee."[1] Id.

Likewise, in In re Dubov, 410 N.J. Super. 190 (App. Div. 2009), the Appellate Division found the public health, safety or welfare provision of New Jersey's firearms licensing statutes to be fully consistent with the Second Amendment and the United States Supreme Court's holding in District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783 (2008). In re Dubov, 410 N.J. Super. at 196-97. Specifically the court held that "Heller had no impact upon the constitutionality of N.J.S.A. 2C:58-3(c)(5)." Id. at 197. In

---

[1] It should be noted that Mr. Stephens did not apply for a permit to carry a handgun. Rather, he applied for, and was denied, a firearms purchaser identification card and two permits to purchase a handgun, pursuant to N.J.S.A. 2C:58-3(c). The "justifiable need" requirement, discussed at length in the Amended Complaint, pertains exclusively to a permit to carry a handgun, pursuant to N.J.S.A. 2C:58-4.

so finding, the Appellate Division noted that <u>Heller</u> "did not require invalidation of statutes that require a license to purchase or possess a firearm." <u>Dubov</u>, 410 N.J. Super. at 197. Moreover, <u>Heller</u> outlined a non-exhaustive list of "presumptively lawful regulatory measures:"

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

<u>Heller</u>, 554 U.S. 626-27, 128 S. Ct. at 2816-17.

   <u>Heller</u> expressly contemplated presumptively legal regulatory schemes restricting access to firearms. Subsequently, both federal and state courts have held New Jersey's firearms statues are consistent with federal jurisprudence. Thus, as the New Jersey statutes in question are constitutional as a matter of law, Plaintiff's federal constitutional claims, and the relief requested therefrom, should be dismissed with prejudice.

**<u>POINT II</u>**

> PLAINTIFF'S DEMANDS FOR AN INJUNCTION PERMANENTLY RESTRAINING DEFENDANTS FROM ENFORCING NEW JERSEY'S FIREARMS LAWS MUST BE DISMISSED BECAUSE THE DISTRICT COURT LACKS JURISDICTION PURSUANT TO THE PENNHURST DOCTRINE.

   Pursuant to the Eleventh Amendment to the Federal Constitution and the <u>Pennhurst</u> doctrine, this court lacks jurisdiction to enjoin

7

State Defendants from enforcing state law.  The Eleventh Amendment of the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "It is well-settled as a matter of judicial construction that despite its limited and seemingly unambiguous language, the [E]leventh [A]mendment constitutionalizes a much more far-reaching principle of state sovereign immunity." Everett v. Schramm, 772 F.2d 1114, 1118 (3d Cir. 1985).

Where the plaintiff comes to federal court seeking an injunction against the state, Eleventh Amendment jurisprudence draws a distinction. If the plaintiff alleges the state official's conduct violates federal law, then federal court is the appropriate forum to adjudicate the dispute. Ex parte Young, 209 U.S. 123, 167 (1908).  However, where the plaintiff asks a federal court to enjoin state officials from allegedly violating state law, no subject matter jurisdiction exists. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

Pennhurst presented the question of "whether a federal court may award injunctive relief against state officials on the basis of state law." Id. at 91.  There, the United States Supreme Court recognized that the Eleventh Amendment prohibited federal courts

from enjoining the conduct of state officials for violations of state law. Id. at 97, 106. When no federal rights are at issue, such as "when a plaintiff alleges that a state official has violated state law," and seeks an equitable remedy, then the "need to reconcile competing interests is wholly absent." Id. at 106. In such cases, the federal court lacks jurisdiction because it "does not vindicate the supreme authority of federal law." Id. Rather, "when a federal court instructs state officials on how to conform their conduct to state law," it "conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Id. The Court found it "difficult to think of a greater intrusion on state sovereignty." Id.

As addressed in Point I, Plaintiff's claims that New Jersey firearms statutes violate the Federal Constitution are without merit and should be dismissed.  Thus, all that remains are issues of state law.  Here, Plaintiff seeks the following injunctions:[2]

> c. an injunction permanently restraining Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of this injunction, from enforcing the Firearms Laws so as to infringe, abridge, restrict, limit, or ban firearms purchaser identification card, or applications for same, on the grounds that an applicant does not have "good character", "good cause", "good repute in the community", "need", "justifiable need", "urgent need for self-protection", or "exemptions."

---

[2] Plaintiff's demands for relief under paragraphs a. and b. are addressed in Point I of this brief.

> d. an injunction permanently restraining Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of this injunction, from enforcing the Firearms Laws so as to <u>infringe, abridge, restrict, limit, or ban</u> the purchasing of "arms", "firearms", "assault firearms", and "ammunition", or applications from same, on the ground that an applicant <u>does not have</u> "permits, "licenses", "good character", "good cause", "good repute in the community", "need", "justifiable need", "urgent necessity for self-protection", "exemptions", and applicants **only disqualifies** as being <u>a threat</u> to public health, safety and welfare due to "criminal convictions", "drug dependent", "mental health issues", "suffers from a physical defect or disease which would make it unsafe for him to handle firearms", "age restrictions", "adjudicated delinquent" or "firearms have been seized pursuant to 'Prevention of Domestic Violence Act of 1991'".

(Exhibit A, Prayer for Relief, at ¶¶ "c" and "d" (emphasis in original).

Both of these demands relate directly to <u>N.J.S.A.</u> 2C:58-3 (Purchase of firearms) or <u>N.J.S.A.</u> 2C:58-4 (Permits to carry handguns). Thus, as they deal squarely with issues of state law, and demand that this court enjoin state actors from enforcing state law, this court lacks jurisdiction to grant either demand for relief.

Further, Plaintiff demands "an injunction permanently restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing Plaintiff to participate in the federal or state regulations of firearms."

(Exhibit A, Prayer for Relief, at ¶ e).  This paragraph's reference to state regulation is clearly barred by the <u>Pennhurst</u> doctrine.[3] Granting Plaintiff's demands would require this Court to "instruct state officials on how to conform their conduct to state law." <u>Pennhurst</u>, 465 U.S. at 106.  <u>Pennhurst</u> prohibits such an intrusion upon state sovereignty.  Accordingly, plaintiffs' claim for injunctive relief based upon violations of state law should be dismissed for lack of subject matter jurisdiction.

<u>**POINT III**</u>

> PLAINTIFF'S DEMAND FOR AN INJUNCTION DIRECTING DEFENDANTS TO APPROVE HIS APPLICATIONS SHOULD BE DISMISSED BECAUSE THE DISTRICT COURT LACKS JURISDICTION PURSUANT <u>TO THE ROOKER-FELDMAN DOCTRINE.</u>

Plaintiff's demand for an injunction directing the issuance of his firearms permits is an impermissible attempt to appeal concluded state court proceedings, and therefore, should be dismissed with prejudice.  Plaintiff demands "an injunction directing Defendants to <u>approve</u> the applications of Plaintiff Marc Stephens firearms purchase identification card for the purchasing of "arms", "firearms", "assault firearms", and "ammunition." (Exhibit A, Prayer For Relief, at ¶ f.) (emphasis in original).

"In certain circumstances, where a federal suit follows a state suit, the <u>Rooker-Feldman</u> doctrine prohibits the district

---

[3] The reference to the federal constitution in paragraph "e." is addressed in Points I of this brief.

court from exercising jurisdiction." Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 163-64 (3d Cir. 2010). Federal district courts have no authority to hear appeals from state court decisions. Only the Supreme Court, and not the lower federal courts, may review decisions of the highest court of a state. Rooker v. Fid. Trust Co., 263 U.S. 416, 415-16 (1923); See Dist. Of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 296 (1970).

In Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, (2005), the United States Supreme Court limited the application of the Rooker-Feldman doctrine to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court review and rejection of those arguments." Exxon, 544 U.S. at 284.

Accordingly, the Rooker-Feldman doctrine precludes a federal action where "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co., 615 F.3d at 166, citing Exxon, 544 U.S. at

12

284; see Bukovinsky v. Pennsylvania, 455 F. App'x. 163, 166 (3d Cir. 2011) (The Rooker-Feldman doctrine bars claims that a plaintiff has been harmed by state court judgments.).

Here, on February 14, 2014, Plaintiff lost in state court when Judge Jerejian denied Plaintiff's application for a firearms purchase identification card and two permits to purchase a handgun. (Exhibit A, ¶¶ 109-110). On August 7, 2014, Plaintiff again lost in state court when Judge Jerejian denied Plaintiff's motion for reconsideration. (Exhibit A, ¶ 115).

Judge Jerejian addressed the merits of Plaintiff's underlying firearms permit applications and denied the same as being contrary to the public health, safety and welfare. (Exhibit A, ¶ 110). Thus, as a state court loser, Plaintiff meets the first element of the Rooker-Feldman doctrine.

Next, Plaintiff directly urges this court to find that his rights were violated by Judge Jerejian's multiple denials. (Exhibit A, ¶¶ 156-197). Further, the instant suit, initially filed on October 27, 2014, commenced after Judge Jerejian's August 7, 2014, denial of Plaintiff's motion for reconsideration. Thus, the second and third Rooker-Feldman elements are met.

Lastly, the effect of granting Plaintiff's underlying firearms applications would require this court to review and reject Judge Jerejian's entire judgment.

In the unpublished opinion, <u>Mirayes v. O'Connor</u>, 2013 U.S. Dist. LEXIS 175058 (D.N.J. December 11, 2013), this court was faced with a factually similar case as is presented here. In <u>Mirayes</u>, the plaintiff brought suit against members of the New Jersey State Judiciary, members of the Warren County Prosecutor's Office, and two former New Jersey Attorneys General, claiming numerous State and Federal Constitutional violations, after he was denied a firearms purchase identification card. <u>Id.</u> at *2. Therein, the plaintiff was denied the firearms permit by the Washington Borough Police Department. <u>Id.</u> at *8. The Law Division upheld the denial, as did the Appellate Division. <u>Id.</u> at *9. Thereafter, leave to appeal to the Supreme Court of New Jersey was denied. <u>Id.</u> The plaintiff then filed his complaint in Federal District Court. <u>Id.</u>

In granting the defendants' motion to dismiss, pursuant to <u>Fed. R. Civ. P.</u> 12(b)(1), the court held that the <u>Rooker-Feldman</u> doctrine required dismissal of the complaint because the relief sought by the plaintiff was essentially the reversal of the lower state courts' holdings. <u>Mirayes</u>, 2013 U.S. Dist. LEXIS 175058 at *23-24.

Ultimately, to grant Plaintiff's underlying firearms applications, as demanded by Plaintiff in Prayer For Relief paragraph f., this Court would be required to analyze New Jersey State law, review the testimony from the multiple evidentiary hearings, and reject Judge Jerejian's findings and conclusions.

14

Partaking in this endeavor will place this Court squarely in an appellate function; a function expressly forbidden under the Rooker-Feldman doctrine.   Accordingly, this Court lacks jurisdiction to grant plaintiff's underlying firearms applications.

### POINT IV

> PLAINTIFF'S CLAIMS AGAINST THE HONORABLE EDWARD A. JEREJIAN FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS PLAINTIFF HAS NO BASIS FOR RELIEF.

Plaintiff's claims for declaratory and injunctive relief against Judge Jerejian should be dismissed as he has failed to set forth a basis for relief.

42 U.S.C. § 1983 provides that "'injunctive relief shall not be granted' in an action brought against 'a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (citing 42 U.S.C. § 1983).

Plaintiff is not entitled to injunctive or declaratory relief under either 42 U.S.C. § 1983 or the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq. Plaintiff's civil rights suit against Judge Jerejian fails to set forth any allegation that a declaratory decree was violated or that declaratory relief was unavailable. See Azubuko, supra. In addition, the injunctive relief sought against Judge Jerejian exclusively concerns the actions of Judge Jerejian

15

in his official capacity as a judge of the Superior Court.  Thus, Plaintiff's claim for injunctive relief is barred under § 1983.  <u>See</u> <u>id.</u>

Moreover, Plaintiff cannot show an irreparable injury.  "While a claim for injunctive relief is permitted against state officials sued in their official capacity, the plaintiff's claim for injunctive relief must be more than merely speculative."  <u>Bolling</u> <u>v. Haymann</u>, 2010 U.S. Dist. LEXIS 36809, *9-10 (D.N.J. April 14, 2010).  "Past exposure to [alleged] illegal conduct does not in itself show a present case or controversy regarding prospective relief."  <u>Brown v. Fauver</u>, 819 F.2d 395, 400 (3d Cir. 1987).  Plaintiff cannot show irreparable harm because any claims for harm are inexorably linked with his constitutional and substantive challenges to the denial; both of which were addressed and held to be without merit.  Therefore, he is not entitled to declaratory or injunctive relief.

## CONCLUSION

In light of the foregoing, Plaintiff's Amended Complaint is facially insufficient to establish a Federal or State Constitutional claim and this court lacks jurisdiction to order declaratory judgment or injunctive relief. Thus, Defendants' motion to dismiss should be granted, and Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice.

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Adam Robert Gibbons
Adam Robert Gibbons
Deputy Attorney General

DATED: April 8, 2015