

## State of New Jersey

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

JOHN J. HOFFMAN
*Acting Attorney General*

JEFFREY S. JACOBSON
*Director*

May 11, 2015

Hon. William J. Martini, U.S.D.J.
Martin Luther King Building
  & U.S. Courthouse
50 Walnut Street
Newark, NJ 08608

  Re: <u>Marc A. Stephens v. The Honorable Edward A. Jerejian, et al.</u>
    Docket No. 14-6688 (WJM-MF)

    <u>Reply Brief in Support of the State Defendants' Motion to Dismiss Plaintiff's Amended Complaint.</u>

Dear Judge Martini,

On behalf of Defendants, the Honorable Edward A. Jerejian, J.S.C., and Acting Attorney General John Jay Hoffman, please accept this letter brief in reply to Plaintiff's opposition to the State Defendants' motion to dismiss.

### **PRELIMINARY STATEMENT**

Plaintiff, Marc Stephens, filed this 42 U.S.C. § 1983 suit against the Honorable Edward A. Jerejian, J.S.C., and Acting Attorney General of New Jersey John Jay Hoffman (collectively "State Defendants"). Plaintiff alleges that the State



Defendants violated his rights under the federal and state Constitutions by unlawfully denying his application for a firearms purchaser identification card and two permits to purchase a handgun. As discussed at length in the State Defendants' initial brief in support of the within motion, Plaintiff's Amended Complaint is procedurally barred and fails to state a claim upon which relief can be granted.

In the State Defendants' initial brief in support of the motion to dismiss, the State Defendants addressed separately each of Plaintiff's demands for relief, as they related to the causes of action, and applied the relevant law applicable to that demand/claim only. In Plaintiff's opposition to the State Defendants' motion, Plaintiff conflates the issues. With respect to Plaintiff's federal constitutional claims and demands, Plaintiff lacks standing to challenge the entire New Jersey Firearms statutory scheme. The federal claims and demands, for which Plaintiff has standing, fail pursuant to the New Jersey Appellate Division holding in *In re Dubov*, 410 N.J. Super. 190 (App. Div. 2009), and because Plaintiff fails to set forth any evidence of discriminatory treatment based on race. With respect to Plaintiff's state constitutional claims and demands, the *Pennhurst* doctrine bars this Court from exercising jurisdiction. Lastly, the *Rooker-Feldman* doctrine bars this

Court from issuing Plaintiff the permits he seeks. As set forth fully in the State Defendants' initial brief and below, Plaintiff's Amended Complaint must be dismissed in its entirety, with prejudice.

**ARGUMENT**

I.  PLAINTIFF LACKS STANDING TO CHALLENGE THE ENTIRETY OF NEW JERSEY FIREARM STATUTORY AND REGULATORY SCHEME, AND THOSE CLAIMS FOR WHICH PLAINTIFF DOES HAVE STANDING FAIL BECAUSE N.J. STAT. ANN. 2C:58-3(c) HAS BEEN HELD TO BE CONSTITUTIONAL AND PLAINTIFF FAILS TO ALLEGE ANY DISCRIMINATORY TREAMENT REQUIRING "STRICT SCRUTINY" REVIEW.

With respect to Plaintiff's federal constitutional claims, Plaintiff alleges that the entire New Jersey firearms statutory and regulatory scheme should be held facially unconstitutional because "New Jersey's Legislature enacted their firearms law by using stealthy language in order to keep firearms out the hands of 'slaves' and 'African-Americans.'" (Plaintiff's response brief at page 4). Specifically, Plaintiff cites to New Jersey Statutes N.J. Stat. Ann. §§ 2C:39-2, 2C:39-3, 2C:39-4, 2C:39-5, 2C:39-6, 2C:39-9, 2C:39-14, 2C:58-3, 2C:58-4, 2C:58-5, 2C:58-6.1, 2C:58-7, 2C:58-10, 2C:58-12, 2C:58-15, 2C:58-17, 2C:58-19, and the related regulations of N.J. Admin. Code 13:54. (Amended Complaint at ¶ 2).

### A. Plaintiff Lacks Standing to Challenge the Entire New Jersey Firearms Statutory and Regulatory Scheme.

With the exception of N.J. Stat. Ann. 2C:58-3(c), Plaintiff lacks standing to challenge the constitutionality of each statute and regulation enumerated above. In order for a plaintiff to have standing, Article III of the United States Constitution requires:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.
>
> Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly. . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.
>
> Third, it must be likely, as opposed to merely speculative, that the injury will be 'redressed by a favorable decision.
>
> [*United State v. Windsor*, 133 S. Ct. 2675, 2685-86 (2013).]

Here, on January 11, 2013, Plaintiff filed an application for a firearms purchaser identification card and two permits to purchase a handgun. (Amended Complaint at ¶ 96). The eligibility of both permits is exclusively governed by N.J. Stat. Ann. 2C:58-3. On June 4, 2013, Plaintiff's application was denied as being contrary to the "public health, safety or

welfare," pursuant to N.J. Stat. Ann. 2C:58-3(c)(5). (Amended Complaint at ¶ 101). On June 7, 2013, Plaintiff appealed to the Law Division of the Superior Court and on November 15, 2013, the Honorable Edward A. Jerejian, J.S.C., upheld the denial, again pursuant to N.J. Stat. Ann. 2C:58-3(c)(5). (Amended Complaint at ¶¶ 102, 110). Plaintiff's sole "injury" stems from the application of N.J. Stat. Ann. 2C:58-3(c)(5). Thus, Plaintiff's failure to allege any injury relating to the other statutes cited in the Amended Complaint prevents him from maintaining an action for these claims before this Court.

The statutes cited by Plaintiff found in chapter 39 of Title 2C criminalize the possession, manufacture, transport and sale of firearms. Nowhere in Plaintiff's Amended Complaint does he allege that he has been detained, arrested, cited, charged with, or convicted of any chapter 39 crimes. Further, any claim of future harm is purely speculative. Thus, Plaintiff lacks standing to challenge the constitutionality of these statutes.

N.J. Stat. Ann. 2C:58-4 relates exclusively to the licensing of permits to carry handguns and requires an applicant to show "justifiable need." Plaintiff did not apply for a permit to carry and was not denied a permit to carry, pursuant to N.J. Stat. Ann. 2C:58-4. Thus, he lacks standing to challenge this statute. Moreover, even if Plaintiff did have

standing, the United States Court of Appeals for the Third Circuit has already upheld the constitutionality of this statute. *See Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013).

Likewise, Plaintiff lacks standing to challenge New Jersey statute sections 2C:58-5 (licenses to possess and carry machine guns and assault firearms), 2C:58-6.1 (possession of firearms by minors, exceptions), 2C:58-7 (persons possessing explosives or destructive devices to notify police), 2C:58-10 (incendiary or tracer ammunition), 2C:58-12 (registration of assault firearms), 2C:58-15 (minor's access to a loaded firearm; penalty, conditions), 2C:58-17 (KeepSafe program established)[1], and 2C:58-19 (report of loss, theft of firearm within 36 hours; violations, penalties).  Plaintiff was not denied any right under, nor alleges any injury based on, any of these statutes. Accordingly, the only claim for which Plaintiff has standing rests with N.J. Stat. Ann. 2C:58-3, Plaintiff lacks standing to challenge all the other statutory and regulatory sections he attempts to raise before this Court.

---

[1] The KeepSafe program provides financial incentives for purchasers of firearms to also purchase a trigger locking device. N.J. Stat. Ann. 2C:58-17(a).

### B. N.J. Stat. Ann. 2C:58-3(c)(5) Is Constitutional and Plaintiff Fails to Allege Any Discriminatory Treatment Necessitating the Court to Apply the "Strict Scrutiny" Standard.

The State Defendants denied Plaintiff a firearms purchaser identification card and two permits to purchase a handgun pursuant to N.J. Stat. Ann. 2C:58-3(c)(5). Although no federal courts within the Third Circuit have addressed the constitutionality of this statutory section in a published opinion, the Appellate Division of the New Jersey Superior Court has. In *In re Dubov*, 410 N.J. Super. 190 (App. Div. 2009), the Appellate Division held N.J. Stat. Ann. 2C:58-3(c)(5) to be fully consistent with the Second Amendment and the United States Supreme Court's holding in *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008).

Furthermore, the United States District Court for the District of New Jersey, in an unpublished opinion, upheld the constitutionality of N.J. Stat. Ann. 2C:58-3(c)(5). *Durga v. Bryan*, 2011 U.S. Dist. LEXIS 112638 *8-9 (D.N.J. September 30, 2011). In *Durga*, this Court recognized that N.J. Stat. Ann. 2C:58-3(c)(5) is a "longstanding prohibition on the possession of firearms," which did not "regulate conduct...protected by the Second Amendment," and was thus "presumptively lawful." *Durga*,

2011 U.S. Dist. LEXIS 112638 at *8-9, *quoting District of Columbia v. Heller*, 554 U.S. 570 (2008).

With respect to Plaintiff's Equal Protection claims, Plaintiff fails to allege any facts demonstrating disparate or discriminatory application of New Jersey Firearms statutes. In order to make out a prima facie case under the Equal Protection Clause, a plaintiff must allege "policies or laws that are applied differently on the basis of race or...policies or laws for which a plaintiff establishes a discriminatory purpose based on race." *Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 543-44 (3d Cir. 2011).

Plaintiff asserts that this Court should apply "strict scrutiny" to his constitutional challenge because the firearms statutes were "motivated by a discriminatory purpose." (Amended Complaint at ¶ 93). In support, Plaintiff's Amended Complaint merely provides a lengthy explanation of federal and New Jersey law from 1694 to the present. (Amended Complaint at ¶¶ 27-95) However, Plaintiff provides no facts to support his claims of a discriminatory purpose with respect to the current statutory or regulatory scheme, either on its face or as applied to him. Thus, Plaintiff utterly fails to provide this Court with any justification for applying a strict scrutiny standard to his constitutional challenges. Accordingly, Plaintiff's federal

constitutional claims fail and should be dismissed with prejudice.

> II. THE ELEVENTH AMENDMENT AND THE *PENNHURST* DOCTRINE PRECLUDE THIS COURT FROM EXERCISING JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS AND THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES THIS COURT FROM APPROVING PLAINTIFF'S REQUESTED PERMITS.

Plaintiff conflates the State Defendants' *Pennhurst* doctrine argument with those arguments addressing the federal law claims, and mischaracterizes the State Defendants' *Rooker-Feldman* doctrine argument. Plaintiff's Amended Complaint alleges that New Jersey's firearms statutes violate the federal constitution. These claims are fully addressed above and in POINT I of the State Defendants' initial brief.

Contrary to Plaintiff's opposition brief, the State Defendants do not apply the *Pennhurst* or *Rooker-Feldman* doctrines to the federal claims. Rather, to the extent that Plaintiff's Amended Complaint alleges violations of the New Jersey Constitution, *see* Amended Complaint at ¶ 1, the *Pennhurst* doctrine precludes jurisdiction over those claims. The State Defendants rely on their arguments detailed in their initial brief as support. Further, the *Rooker-Feldman* doctrine is applied by the State Defendants only as a defense against Plaintiff's demand to be issued the permits denied by Judge Jerejian. *See* (PRAYER FOR RELIEF at ¶ f). Contrary to

Plaintiff's assertion, the denial of Plaintiff's permits was solely a judicial act. Thus, the *Rooker-Feldman* doctrine precludes this Court's review of Judge Jerejian's denial. The State Defendants also rely on their arguments set forth in their initial brief for additional support. Accordingly, Plaintiff's state law claims, associated relief, and his demand for an injunction issuing Plaintiff his requested permits must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and those detailed in the State Defendants' initial brief in support of this motion, the Court should grant the within motion to dismiss Plaintiff's Amended Complaint with prejudice.

                        Respectfully submitted,

                        JOHN J. HOFFMAN
                        ACTING ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Adam Robert Gibbons
      Adam Robert Gibbons
      Deputy Attorney General
      Attorney ID # 093732014

CC:   Marc A. Stephens (via CM/ECF)