NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARC A. STEPHENS,** | Civ. No. 14-6688 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **THE HONORABLE EDWARD A. JEREJIAN, in his Official Capacity as Judge of the Superior Court of Bergen County; CHIEF ARTHUR O'KEEFE, as an individual, and in his Official capacity as Chief of the Englewood, New Jersey Police Department; JOHN J. HOFFMAN, in his Official Capacity as Attorney General of New Jersey,** | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.**

*Pro se* Plaintiff Marc Stephens brings this action pursuant to 42 U.S.C. § 1983. He was denied a gun permit after four judicial hearings. Defendants filed a motion to dismiss. For the reasons set forth below, Defendants' motion is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

### I.  BACKGROUND

Unless otherwise noted, the following facts are alleged in Plaintiff's complaint. On January 11, 2013, Marc Stephens filed an application for a firearms purchaser identification card and two permits to purchase a handgun with the Englewood Police Department. Def. Br. at 6, E.C.F. no.13-1. These applications were made under N.J.S.A. 2C:58-3. On June 4, 2013, Stephens

received a letter from Englewood Police Department Chief Arthur O'Keefe denying his application. O'Keefe's letter cited public health, safety, and welfare as the reason for denial, pursuant to N.J.S.A. 2C:58-3(c)(5). Moreover, the letter informed Plaintiff of his right to appeal the denial, pursuant to N.J.S.A. 2C:58-4(e). Plaintiff requested a hearing before the Superior Court of New Jersey's Honorable Edward Jerejian, which was held on September 13, 2013. At the hearing, the Bergen County Prosecutor argued that Plaintiff's brother, a convicted felon, had the same address of record as Plaintiff. This hearing was adjourned, and a second hearing was held on November 15, 2013. At the second hearing, Plaintiff testified he would not be living with his brother. Moreover, Sergeant Alston of the Englewood P.D., testified that Plaintiff was not a threat to public safety. The court ordered another member of Englewood P.D. to investigate Plaintiff's request. Plaintiff received a third hearing on February 11, 2014, and on March 6, 2014, Judge Jerejian denied Plaintiff's application, again citing public health, safety, and welfare. On August 7, 2014, Plaintiff moved for reconsideration and was denied.

On October 27, 2014, Plaintiff filed this action. It was dismissed on October 31, 2014 after the Court denied Plaintiff's application for *in forma pauperis* status. Plaintiff filed his amended complaint on December 22, 2014. Though Plaintiff's rambling complaint attempts to allege violations of the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, the substance of Plaintiff's complaint is that New Jersey violated his Constitutional right to purchase a gun.

## II.  SUBJECT MATTER JURISDICTION

The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction over this matter to the extent that it brings claims under 42 U.S.C. § 1983 for denial of Constitutional rights.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which

relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id*.

### IV.   DISCUSSION

The Court is powerless to grant Plaintiff the relief he seeks. New Jersey's gun permit laws are facially constitutional. Further, the *Rooker-Feldman* Doctrine bars the Court's review of Plaintiff's "as-applied" challenge to the state court proceedings.

The Supreme Court has repeatedly rejected the claim that the Second Amendment includes an unqualified right to possess a firearm. *See District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008) (holding that there are long-standing and presumptively lawful qualifications and conditions on the sale and possession of firearms); *see also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (incorporating the Court's holdings in *Heller* through the Fourteenth Amendment). More recently, the Third Circuit upheld the

constitutionality of New Jersey's requirement that applicants for handgun carry permits show "justifiable need" under N.J.S.A. 58-4. *Drake v. Filko*, 724 F.3d 426, 429 (3d Cir. 2013). The Third Circuit in *Drake* held that the justifiable need requirement was the kind of long-standing and presumptively lawful qualification that the Supreme Court considers constitutional, and, therefore, not burdensome to the Second Amendment. *Id.* Here, though Plaintiff applied for the proper documents to *purchase* handguns, as opposed to *carry* handguns, the Third Circuit's jurisprudence indicates that the herein challenged firearm regulations, which are central to New Jersey's aggregate firearm regulatory scheme, are constitutional under *Heller*. *See id.* Therefore, the law provides no remedy for Plaintiff, and his facial challenges are dismissed with prejudice.

The *Rooker-Feldman* Doctrine bars the federal district courts from reviewing the constitutionality of state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If the state-court decision was wrong, it may be declared null and void only by the appropriate state appellate court, or by the United States Supreme Court. *Id.* at 284-85. In *Exxon Mobil Corp.*, the Supreme Court clarified that the *Rooker-Feldman* Doctrine applies specifically to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. To the extent Plaintiff is seeking this Court's review of the actions taken by the Superior Court of New Jersey, the complaint fits squarely into the category of cases covered by the *Rooker-Feldman* Doctrine. Therefore, Plaintiff's "as-applied" challenges to the New Jersey firearms regulation scheme are dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 4, 2015**