**Marc A. Stephens**

RECEIVED

241 Rosemont Place, Englewood, NJ 07631, 201-598-6268

August 10, 2015

AUG 18 2015

Honorable Judge William J. Martini        AT 8:30_____M
NJ District Court                WILLIAM T. WALSH, CLERK

# REQUEST FOR RECONSIDERATION AND/OR
# PERMISSION TO AMEND THE COMPLAINT

RE: Marc Stephens vs Edward Jerejian, et el Civil Complaint 2:14-cv-06688-WJM-MF

Dear Judge Martini,

Please accept this brief in lieu of a motion. I am in receipt of your Opinion and Order filed on August 6, 2015. You're decision to deny the case was based on (1) New Jersey's gun permit laws are facially constitutional, and (2) that the Rooker-feldman doctrine bars the Court's review of Plaintiff's "as-applied" challenge to the State court proceedings. I'm respectfully asking the court to reconsider the order based on the following:

## 1. New Jersey's gun permit laws are facially unconstitutional

Drake v Jerejian was based on "justifiable need" which was reviewed under intermediate scrutiny. In District of Columbia v Heller, the case involved the complete banning of firearms and was also reviewed under intermediate scrutiny. The Heller case **did not** involve the facial challenge of the entire licensing scheme of the District of Columbia. My complaint is regarding a facial challenge of New Jersey's entire firearm laws due to it being passed through legislature based on **racism and discrimination**, which requires a strict scrutiny review.

The Supreme Court recognizes race, national origin, religion and alienage as suspect classes; it therefore analyzes any government action that discriminates against these classes under strict scrutiny. **Hirabayashi v. United States, 320 U.S. 81 [5] and Korematsu v. United States, 323 U.S. 214 (1944); Adarand Constructors v. Peña, 515 U.S. 200 (1995); see United States v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010).**

I clearly show evidence through "various Supreme Court opinions" in my complaint, paragraphs 27-95, that prior to New Jersey enacting a firearm licensing scheme based on discrimination against African-Americans, even slaves had rights to gun ownership because it was a common law right. Both Heller and McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 extensively addressed in their opinions the issues and links between gun licensing schemes and race discrimination, see **District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 at 2810; see McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010, at 3036-3042, 3043-3044, 3068, 3075-3077, 3078, 3099, 3112, 3133,** But because Heller stated he **was not** challenging the District of Columbia's firearm licensing scheme, the Supreme Court **did not rule** on the obvious race discrimination regarding gun licensing laws

throughout the United States. *"we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment,* **District of Columbia v. Heller, 128 S. Ct. 2783** - Supreme Court 2008 at 2817. *"Respondent conceded at oral argument that he does not "have a problem with ... licensing"..."*We therefore assume that petitioners' issuance of a license will satisfy respondent's prayer for relief and <u>do not address the licensing requirement"</u>, **id at 2819**.

My complaint is challenging NJ firearm licensing laws because the laws interfere with my right to keep and bear arms, *"[T]he fourteenth amendment changes all that theory, and lays the same restriction upon the States that before lay upon the Congress of the United States— that, as Congress heretofore <u>could not interfere with the right of the citizen to keep and bear arms</u>, now, after the adoption of the fourteenth amendment, the State <u>cannot interfere with the right of the citizen to keep and bear arms</u>. The right to keep and bear arms is included in the fourteenth amendment, under `privileges and immunities.'"* Proceedings in the Ku Klux Trials at Columbia, S. C., in the United States Circuit Court, November Term, 1871, p. 147 (1872)", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077**.

New Jersey firearm licensing laws were <u>solely created</u> and passed through legislature based on racism and discrimination against African-Americans, which makes New Jersey Firearm Laws facially unconstitutional. The historical background, the legislative and administrative records suggests intent.

## 2. The Rooker-feldman doctrine does not bar the Court's review of Plaintiff's facial challenge

My complaint <u>was not</u> based solely on the state court proceedings. I used my New Jersey Superior Court case to show the Federal Court that despite two police officers testifying that although I'm African-American, I am not a threat to public health safety and welfare, that the death threats against me were serious threats – satisfying the Justifiable need standards, and that I provided testimony and documented proof to the Judge that my brother, who has a felony conviction no longer resides with me, the Judge still <u>denied</u> my rights to gun ownership.

In my complaint, the **Fifth cause of action** and <u>prayer for relief</u> are based solely on an "independent" <u>facial challenge</u> of New Jersey's entire firearm laws and should allow the case to proceed. *"Federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court. "Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., <u>then there is jurisdiction</u>..."* GASH Assocs. v. Rosemont, 995 F. 2d 726, 728 (CA7 1993); accord Noel v. Hall, 341 F. 3d 1148, 1163-1164 (CA9 2003)". **Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005 at 293-294.**

## 3. Request leave to Amend the Complaint

I would like to amend the complaint to remove the first, second, third, and fourth cause of actions. I would also like to include language in the complaint to re-establish standing. As

mentioned in my complaint, I receive multiple death threats stemming from California to New Jersey. I fear being arrested and prosecuted for bringing my legal firearm from California to New Jersey. I would most likely suffer imprisonment in New Jersey if I was in possession of a firearm at home or in public; regarding standing, see **United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669 (1973)**. The Court accepted SCRAP's argument that they were likely to be injured if the rate increase went into effect because the increase would disproportionately affect recycled goods— and if fewer goods were recycled, the group would be more likely to encounter litter on its hikes around the Washington, D. C. area. **See also Sierra Club v. Morton, 405 US 727 - Supreme Court 1972.**

Under New Jersey current firearm laws, I would receive up to 10 years for being in possession of a firearm, NJ. Stat. §2C:39-5. New Jersey Firearm laws are preventing me from exercising my constitutional right to keep and bear arms, and preventing me from protecting myself, at home and in public, against madmen and criminals. In addition, New Jersey firearm laws are turning innocent citizens into criminals for lawfully being in possession of firearms. The constitutional requisites under Article III for the existence of standing are that the plaintiff must personally have suffered some actual or threatened injury that can fairly be traced to the challenged action of the defendant, and that the injury is likely to be redressed by a favorable decision, **Valley Forge Christian College v. Americans United, 454 U.S. 464, 472 (1982); Allen v. Wright, 468 U.S. 737, 751 (1984); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)**.

"A motion for leave to amend is to be liberally granted, and without consideration of the ultimate merits of the amendment". **Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500-01 (2006)**. "We must accept as true all factual allegations in the amended complaint and all reasonable inferences that can be drawn from them. The amended complaint must be construed in the light most favorable to the plaintiff", **Banks v. Wolk, 918 F.2d 418, 423 (3d Cir.1990)**. Under Federal Rule of Civil Procedure 15(c) a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." **Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004)**. If a proposed amendment is not clearly futile, the court should grant leave to amend, **Scott v. New Jersey State Police, Dist. Court, D. New Jersey 2014.**

Respectfully submitted,

Marc Stephens
Plaintiff, pro se

**Marc A. Stephens**

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
271 Rosemont Place, Englewood, NJ 07631, 201-598-6268

2015 AUG 18  P 2: 58

August 10, 2015

Judge William J. Martini
Martin Luther King, Jr.
U.S. Courthouse and Federal Building
50 Walnut Street
Newark, NJ 07101

**RE: Marc Stephens vs Edward Jerejian, et el Civil Complaint 2:14-cv-06688-WJM-MF**

Dear Judge William J. Martini,

Enclosed please find:

1. Plaintiff's Brief - Request For Reconsideration And/Or Permission To Amend The Complaint

Respectfully submitted,

Marc Stephens
Plaintiff
201-598-6268

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2015, I mailed a copy to the Clerk of Court who will then file the attached documents using the CM/ECF system, which will then send a notification to the following:

Adam Robert Gibbons, DAG: Adam.Gibbons@dol.lps.state.nj.us



Clerks office
Martin Luther King Jr
US Courthouse : Fed Building
50 Walnut Street
Newark, NJ 07101
Case #: 2:14-cv-06688-WJM-MF