

*State of New Jersey*

| CHRIS CHRISTIE | OFFICE OF THE ATTORNEY GENERAL | JOHN J. HOFFMAN |
| *Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY | *Acting Attorney General* |
| | DIVISION OF LAW | |
| KIM GUADAGNO | 25 MARKET STREET | MICHELLE L. MILLER |
| *Lt. Governor* | PO Box 112 | *Acting Director* |
| | TRENTON, NJ 08625-0112 | |

September 21, 2015

Hon. William J. Martini, U.S.D.J.
Martin Luther King Building
  & U.S. Courthouse
50 Walnut Street
Newark, NJ 08608

> Re:  Stephens v. The Honorable Edward A. Jerejian, et al.
>      Docket No. 14-6688 (WJM-MF)
>
>      Brief in Opposition to Plaintiff's Motion/Application
>      for Reconsideration and/or Permission to Amend the
>      Complaint.

Dear Judge Martini,

Please accept this letter brief on behalf of Defendants, the Honorable Edward A. Jerejian, J.S.C., and Acting Attorney General John Jay Hoffman, in opposition to Plaintiff's Application for Reconsideration and/or Permission to Amend the Complaint.

### PRELIMINARY STATEMENT

Plaintiff, Marc Stephens, filed this 42 U.S.C. § 1983 suit against the Honorable Edward A. Jerejian, J.S.C., and Acting Attorney General of New Jersey John Jay Hoffman (collectively "State Defendants"). Plaintiff alleges that the State



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 633-7786 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

Defendants violated his rights under the federal and state Constitutions by unlawfully denying his application for a firearms purchaser identification card and two permits to purchase a handgun.  On December 22, 2014, Plaintiff filed an Amended Complaint.

On April 8, 2015, Defendants filed a motion to dismiss Plaintiff's Amended Complaint.  On August 6, 2015, this Court granted Defendants' motion and dismissed Plaintiff's Amended Complaint with prejudice.  On August 18, 2015, Plaintiff filed an Application for reconsideration and/or for permission to amend the complaint.  This Court should deny Plaintiff's Application for reconsideration and deny Plaintiff's application to amend his complaint.

**ARGUMENT**

**I.    PLAINTIFF APPLICATION FOR RECONSIDERATION SHOULD BE DENIED.**

Pursuant to L. Civ. R. 7.1(i), motions for reconsideration may be entertained for three possible reasons: "'(1) [a]n intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'"  *Bermingham v. Sony Corp. of Am.*, 820 F. Supp. 834, 856 (D.N.J. 1993) (quoting *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)), *aff'd*, 37

F.3d 1485 (3d Cir. 1994); *accord Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   These motions are intended "to correct manifest errors of law or fact or to present newly discovered evidence."   *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).   "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument."   *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).   Finally, granting a motion for reconsideration "is an extraordinary remedy" that should be granted "sparingly."   *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352-53 (D.N.J. 2001) (citation omitted).

Here, Plaintiff's application fails to meet the high standard entitling him to the extraordinary relief of reconsideration.   Specifically, Plaintiff does not allege an intervening change in the controlling law, new evidence, or any new arguments indicating the necessity to correct a clear error of law or to prevent manifest injustice.   Plaintiff merely disagrees with the Court's decision and simply restates the arguments he raised in his opposition to the State Defendants' motion to dismiss.   Thus, in opposition to Plaintiff's rehashed assertions, Defendants respectfully rely upon and incorporate

herein by reference each of the arguments in Defendants' brief in support of the motion to dismiss, (Pacer Civil Action No. 14-6688, Dkt. Entry No. 13), and Defendants' reply brief, (Pacer Civil Action No. 14-6688, Dkt. Entry No. 16).

For the reasons stated above, and those more fully set forth in Defendants' motion to dismiss, and reply in support of that motion, Plaintiff's application for reconsideration should be denied.

**II.   PLAINTIFF'S APPLICATION FOR LEAVE TO AMEND HIS AMENDED COMPLAINT SHOULD BE DENIED AS PLAINTIFF HAS NOT FOLLOWED THE PROPER PROCEDURES IN REQUESTING LEAVE AND PERMITTING SUCH RELIEF WOULD NEVERTHELESS BE FUTILE.**

Pursuant to Fed. R. Civ. P. 15(a)(2), after being permitted to amend once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  That plaintiff "has the burden of showing that justice requires the amendment."  *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Although, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), denial of a motion to amend is proper on the grounds of "undue delay, bad faith, dilatory motive, prejudice, and futility."  *Shane v. Fauber*, 213 F.3d 113, 115 (3d Cir. 2000).

"Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* The reviewing District Court is to apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* Thus, if a plaintiff moves to amend a claim that is vulnerable to dismissal under Rule 12(b)(6), leave to amend should be denied if "the amendment would not cure the deficiency." *Id.*

In the current case, Plaintiff's failure to attach a proposed Second Amended Complaint is fatal to his motion. *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006). Nevertheless, Plaintiff's motion to amend should also be dismissed as futile, given the fact that Plaintiff's description of his anticipated Second Amended Complaint does not address the deficiencies of his Amended Complaint.

Plaintiff indicates that he wishes to proceed only on his Fifth Cause of Action, a § 1983 claim challenging the constitutionality of New Jersey's entire firearm regulatory scheme, (*see* Amended Complaint, Pacer Civil Action No. 14-6688, Dkt. Entry No. 6, at ¶¶ 195-197). (Plaintiff's brief in support of the within application, D.E. 19, at 2). In support of that claim, Plaintiff attempts to "re-establish" standing by reciting the circumstances for which he believes he is entitled to a firearm. (Pacer Civil Action No. 14-6688, Dkt. Entry No. 19 at

September 21, 2015
Page 6

2-3).   However, Plaintiff still has not shown that he has been injured by any of the cited New Jersey Statutes except at to N.J. Stat. Ann. 2C:58-3(c).   Thus, as more fully set forth in Defendants' reply brief, (Pacer Civil Action No. 14-6688, Dkt. Entry No. 16), Plaintiff lacks standing to assert challenges to all the statues except N.J. Stat. Ann. 2C:58-3(c).

As correctly decided by this Court previously, the Plaintiff's argument regarding N.J. Stat. Ann. 2C:58-3(c) must be rejected as that claim is barred by the *Rooker-Feldman* doctrine.   (Pacer Civil Action No. 14-6688, Dkt. Entry No. 17, at 3-4). The description of Plaintiff's anticipated Second Amended Complaint cannot cure that deficiency.   Consequently, granting Plaintiff's application to amend would be futile.

## CONCLUSION

For the foregoing reasons, and those detailed in the State Defendants' prior briefs in support of their motion to dismiss, the Court should deny Plaintiff's application for reconsideration and for leave to amend.

Respectfully submitted,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Adam Robert Gibbons
Adam Robert Gibbons
Deputy Attorney General

CC:   Marc A. Stephens (via CM/ECF)