**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MARC A. STEPHENS,
Plaintiff,

v.

THE HON. EDWARD A. JEREJIAN, in his
Official Capacity as Judge of the Superior
Court of Bergen County;
CHIEF ARTHUR O'KEEFE, as an
individual, and in his Official Capacity as
Chief of the Englewood, New Jersey Police
Department
JOHN JAY HOFFMAN in his Official
Capacity as Attorney General of New Jersey
Defendants

CASE NO. 2:14-cv-06688-WJM-MF
**THIRD AMENDED COMPLAINT
DEPRIVATION OF CIVIL RIGHTS
UNDER COLOR OF LAW**

RECEIVED

SEP 21 2015

AT 8:30_____ M
WILLIAM T. WALSH, CLERK

COME NOW Plaintiffs Marc Stephens, pro se, and complains as follow:

1. This is an action arising under (1) 42 U.S.C. § 1983, (2) the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq., (3) Article I, Paragraphs 1, 5, 7, 12, 18, and 21 of the New Jersey Constitution, and (4) the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution concerning the State of New Jersey's regulations regarding the issuance of "Permits and Licenses" to purchase and carry firearms (the "Firearm Laws"). Plaintiff seeks declaratory judgment and injunctive relief.

## INTRODUCTION

2. The State of New Jersey's Firearm Laws, including but not limited to: N.J. Stat. §2C:39-2, 2C:39-3, 2C:39-4, 2C:39-5, 2C:39-6, 2C:39-9, 2C:39-14, 2C:58-3, 2C:58-3b, 2C:58-3c, 2C:58-3c(5), 2C:58-3d, 2C:58-3e, 2C:58-3f, 2C:58-3h, 2C:58-3i, 2C:58-3j, 2C:58-4a, 2C:58-4b, 2C:58-4c, 2C:58-4d, 2C:58-4f, 2C:58-5, 2C:58-6.1, 2C:58-7, 2C:58-10, 2C:58-12, 2C:58-15, 2C:58-17, 2C:58-19, and related statues such as N.J.A.C. 13:54, are all facially unconstitutional because each statue was motivated by and passed through legislature based on racism and discrimination which are violations of the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution.

3. The root of New Jersey's firearm regulations requiring such as "permits", "licenses", "good character", "good cause", "good repute in the community", "public health safety and welfare", "need", "justifiable need", "urgent necessity for self-protection", "exemptions", and "limitations" are derived from slavery, motivated by racism and discrimination, and are vague or stealthy words and requirements that allows abuse of discretion, operates as a prior restraint, and a vehicle to infringe, limit, restrict, and ban "arms" and "firearms".

4. The Court must use strict scrutiny because New Jersey Firearm laws historical background, and legislative and administrative records suggest intent to deprive African-Americans from gun ownership. **McDonald, 130 S.Ct. at 3047** (reiterating that "the scope of the Second Amendment right" is determined by historical analysis and not interest balancing).

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C.A. § 1391 and § 1343, this Court has subject matter jurisdiction over this action because it involves federal questions arising under the First, Second, Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Plaintiff further invokes the pendent jurisdiction of this court to consider claims arising under the State of New Jersey's Firearm Laws, including but not limited to: N.J. Stat. §2C:39-2, 2C:39-3, 2C:39-4, 2C:39-5, 2C:39-6, 2C:39-9, 2C:39-14, 2C:58-3, 2C:58-3b, 2C:58-3c, 2C:58-3c(5), 2C:58-3d, 2C:58-3e, 2C:58-3f, 2C:58-3h, 2C:58-3i, 2C:58-3j, 2C:58-4a, 2C:58-4b, 2C:58-4c, 2C:58-4d, 2C:58-4f, 2C:58-5, 2C:58-6.1, 2C:58-7, 2C:58-10, 2C:58-12, 2C:58-15, 2C:58-17, 2C:58-19.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

7. This Court has personal jurisdiction over each of the Defendants because Defendants resides, work, and are located in New Jersey, and all acts giving rise to the violation of law complained of occurred in this District, and inter alia, they acted under color of New Jersey state law and/or within the geographic confines of the State of New Jersey.

8. Venue is proper in this District pursuant to 28 USC § 1391.

## THE PARTIES

9. Plaintiff, Marc A. Stephens is an African-American Citizen of the United States residing in the city of Englewood, New Jersey.

10. Defendant the Hon. Edward A. Jerejian ("Superior court Judge") is sued in his official capacity as presiding Judge of the Superior Court of Bergen County, New Jersey, responsible for approving and issuing applications for firearm permits and licenses pursuant to N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations.

11. Defendant Chief Arthur O'Keeffe ("Chief of Police") is sued as an individual and in his official capacity as Chief Police Officer of Englewood, New Jersey, responsible for approving and issuing applications for firearm permits and licenses pursuant to N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations.

12. Defendant John Jay Hoffman ("Attorney General") is sued in his official capacity as Attorney General of New Jersey, responsible for executing and administering the laws and policies for firearm permits and licenses pursuant to N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations.

## STANDING

13. One can challenge a licensing statute which endangers freedom of expression whether or not his conduct could be prohibited by a properly drawn statute and whether or not he applied for a license, **Freedman v. Maryland, 380 U.S. 51 (1965)**. Plaintiff Marc Stephens intends to possess functional firearms at home and in public for self-defense, hunting, and defense of the State, but is prevented from doing so due to defendants' active enforcement of unconstitutional firearm laws complained of in this action.

14. Marc applied to defendants for permission to possess firearms but was denied three times by the Chief of Police and the Superior Court Judge for "**Public Health Welfare and Safety**". It was testified in court by Sgt. Alston of the Englewood Police Department that Marc Stephens was not a threat to Public Health Welfare and Safety, and Sgt. Pulice of the Englewood Police Department testified that the multiple death threats against Marc Stephens are "serious threats".

15. Marc, who owns a handgun in the State of California, fears arrest, criminal prosecution, incarceration, and fines if he were to possess functional firearms, at home and in public, in the State of New Jersey. In addition, New Jersey firearm laws are turning innocent citizens into criminals for lawfully being in possession of "arms" and "firearms".

16. The constitutional requisites under Article III for the existence of standing are that the plaintiff must personally have suffered some actual or threatened injury that can fairly be traced to the challenged action of the defendant, and that the injury is likely to be redressed by a favorable decision, **Valley Forge Christian College v. Americans United, 454 U.S. 464, 472 (1982); Allen v. Wright, 468 U.S. 737, 751 (1984); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).**

17. Plaintiff Marc Stephens complaint is a facial challenge against New Jersey Firearm Laws, Regulations, and Permit and Licensing Schemes.

## CONSTITUTIONAL PROVISIONS

18. The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

19. When the people assemble and bear arms in defense of self, the state, country, or join a militia, it is an **expression** of loyalty and togetherness which is "one nation, under god, indivisible, with liberty, and justice for all". Prior restraints violating freedom of expression are unconstitutional under the first amendment. **Near v. Minnesota, 283 U.S. 697, 51 S. Ct. 625, 75 L. Ed. 1357 (1931); New York Times co. v. United States, 403 U.S. 713, 91 S. Ct. 2140, 29 L. Ed. 2d 822; United States v. Progressive, Inc., 467 F. Supp. 990 [W.D. Wis. 1979]; Freedman v. Maryland, 380 U.S. 51 (1965).**

20. The Second Amendment provides:

> A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

21. The Second Amendment guarantee citizens the right to 'wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person. **District of Columbia v. Heller, 554 U.S. 570, 592 (2008)**.

22. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches

and seizures, shall not be violated, and no Warrants shall
issue, but upon probable cause, supported by Oath or
affirmation, and particularly describing the place to be
searched, and the persons or things to be seized.

23. New Jersey Firearm law requiring Citizens to submit to criminal and mental background
checks before the local government will approve Citizens to receive a permit or license to obtain
arms or firearms violate the fourth amendment prohibition of unreasonable searches, **Kolender
v. Lawson, 461 U.S. 352 (1983).**

24. The Eighth Amendment provides:
Excessive bail shall not be required, nor excessive fines
imposed, nor cruel and unusual punishments inflicted.

25. Under New Jersey current firearm laws, Citizens would receive up to 10 years in jail for
being in possession of firearms, NJ. Stat. §2C:39-5. To imprison innocent Citizens for being in
possession of lawful arms and firearms is cruel and unusual punishment. New Jersey Firearm
Laws are subject to the prohibition of the Constitution that cruel and unusual punishments shall
not be inflicted, **Wilkerson v. Utah, 99 U.S. 130 (1878) at 133, 135, 136, 137.**

26. The Ninth Amendment provides:
The enumeration in the Constitution, of certain rights, shall
not be construed to deny or disparage others retained by the
people.

27. The Ninth Amendment was added to the Bill of Rights to ensure that the maxim
expressio unius est exclusio alterius would not be used at a later time to deny fundamental rights
merely because they were not specifically enumerated in the Constitution, **Roe v. Wade, 410
U.S. 113 (1973)**. Citizens have a core and fundamental right to travel with "arms and "firearms"
without first obtaining a permit or license.

28. The Tenth Amendment provides:
The powers not delegated to the United States by the
Constitution, nor prohibited by it to the States, are reserved
to the States respectively, or to the people.

29. Citizens are not responsible for deterring crime, or enforcing gun laws. The State is
limited to the rights granted to the People by the US Constitution. The State cannot penalize
Citizens, infringe, abridge, burden, ban, or take away core and fundamental rights to own arms
and firearms, just so the State can enforce gun laws, **New York v United States 505 US 144
(1992). Printz v. United States, 521 U.S. 898 (1997).**

30. The Fourteenth Amendment provides:
Section 1. All persons born or naturalized in the United
States, and subject to the jurisdiction thereof, are citizens of
the United States and of the State wherein they reside. No
State shall make or enforce any law which shall abridge the
privileges or immunities of citizens of the United States;
nor shall any State deprive any person of life, liberty, or
property, without due process of law; nor deny to any

> person within its jurisdiction the equal protection of the
> laws.

31. "The Fourteenth Amendment applies, on its face, to state action". See Bowman v. Twp. of Pennsauken, 709 F. Supp. 1329, 1339 (D.N.J. 1989). "After the adoption of the fourteenth amendment, **the State cannot interfere with the right of the citizen to keep and bear arms**. The right to keep and bear arms is included in the fourteenth amendment, under `privileges and immunities.'" Proceedings in the Ku Klux Trials at Columbia, S. C., in the United States Circuit Court, November Term, 1871, p. 147 (1872)", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077.**

## STATE LAW

The Following New Jersey Firearm statues, but not limited to, are facially unconstitutional:

32. 2C:39-2: is invalid as applied because it requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense, and if a private citizen does not possess a permit or license they will be charged with a crime is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

33. 2C:39-3: is invalid as applied to limit or ban "firearms" and "arms", and to charge a citizen with a crime for being in possession of "firearms" and "arms" is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

34. 2C:39-4: is invalid as applied to limit or ban "firearms" and "arms", and to charge a citizen with a crime for being in possession of "firearms" and "arms" is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

35. 2C:39-5: is invalid as applied to limit or ban "firearms" and "arms", to charge a citizen with a crime for being in possession of "firearms" and "arms", to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense, and if a private citizen does not possess a permit or license they will be charged with a crime in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

36. 2C:39-6: is invalid as applied to limit or ban "firearms" and "arms", to charge a citizen with a crime for being in possession of "firearms" and "arms", to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense, to enforce a trigger lock and lock box requirement, to restrict travel, and if a private citizen does not possess a permit or license they will be charged with a crime is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

37. 2C:39-9: is invalid as applied to limit or ban "firearms" and "arms", to charge a citizen with a crime for being in possession of "firearms" and "arms", and to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense violates the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

38. 2C:39-14: is invalid as applied to prohibit free speech, the right to assemble, and to charge a citizen with a crime for being in possession of "firearms" and "arms" who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

39. 2C:58-3: is invalid as applied to require a permit or license to purchase or transfer a firearm or arms is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

40. 2C:58-3b: is invalid as applied to compel a private citizen to enforce gun regulations who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

41. 2C:58-3c: is invalid as applied because the requirement of "good character" and "good repute in the community" is unconstitutionally vague, and to limit or ban "firearms" and "arms", and to charge a citizen with a crime for being in possession of "firearms" and "arms".is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

42. 2C:58-3c(5): is invalid as applied the "Public Health Safety and Welfare" determination is unconstitutionally vague and vest the Chief Police Officers and Superior Court Judge with uncontrolled discretion to grant or deny approval of firearm applications in violation of the 1st, 2nd, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

43. 2C:58-3d: is invalid as applied to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

44. 2C:58-3e: is invalid as applied the applications process is an invasion of privacy, and to compelled a private citizen to enforce gun regulations who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

45. 2C:58-3f: is invalid as applied because the requirement of "good character", "good repute in the community", and "good cause" is unconstitutionally vague, and to limit or ban "firearms" and "arms", and to charge a citizen with a crime for being in possession of "firearms" and "arms" is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

46. 2C:58-3h: is invalid as applied to compelled a private citizen to enforce gun regulations who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

47. 2C:58-3i: is invalid as applied to limit or ban "firearms" and "arms", and to requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

48. 2C:58-3j: is invalid as applied to compelled a private citizen to enforce gun regulations, the requirement of "good character", "good repute in the community", and "good cause" is unconstitutionally vague, and to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

49. 2C:58-3.1-3.3: is invalid as applied to limit or ban "firearms" and "arms", and to requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

50. 2C:58-4a: is invalid as applied to limit or ban "firearms" and "arms", and to requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

51. 2C:58-4b: is invalid as applied to compelled a private citizen to enforce gun regulations, the requirement of "good moral character", "good repute in the community", and "good cause" is unconstitutionally vague, and to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

52. 2C:58-4c: is invalid as applied the requirement of "good moral character", "good repute in the community", "good cause" and "justifiable need" is unconstitutionally vague, and to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

53. 2C:58-4d: is invalid as applied the requirement of "good moral character", "good repute in the community", "good cause" and "justifiable need" is unconstitutionally vague, to limit or ban "firearms" and "arms", and to requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

54. 2C:58-4f: is invalid as applied the determination to revoke is unconstitutionally vague and vest the Superior Court Judge with uncontrolled discretion to grant, deny, or revoke firearms, and to require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

55. 2C:58-5: is invalid as applied to limit or ban "firearms" and "arms", the "Public health safety and welfare" determination is unconstitutionally vague and vest the Chief Police Officers and Superior Court Judge with uncontrolled discretion to grant or deny approval of firearm applications, and to requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

56. 2C:58-6.1: To require a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

57. 2C:58-7: is invalid as applied to limit or ban "firearms" and "arms", allow unreasonable searches, and to requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

58. 2C:58-10: is invalid as applied to limit or ban "firearms" and "arms", and to requires a private citizen to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

59. 2C:58-12: is invalid as applied to limit or ban "firearms" and "arms", the applications process is an invasion of privacy, and to compelled a private citizen to enforce gun regulations and to possess a permit or license who is otherwise eligible to possess a loaded and operable firearm for the purpose of self-defense is in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

60. 2C:58-15: is invalid as applied the trigger lock and lock box requirement are in violation of the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution.

## ALL CAUSE OF ACTIONS

61. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1-74 and incorporates each in all Counts.

62. N.J. Stat. §2C:39-2, 2C:39-3, 2C:39-4, 2C:39-5, 2C:39-6, 2C:39-9, 2C:39-14, 2C:58-3, 2C:58-3b, 2C:58-3c, 2C:58-3c(5), 2C:58-3d, 2C:58-3e, 2C:58-3f, 2C:58-3h, 2C:58-3i, 2C:58-3j, 2C:58-4a, 2C:58-4b, 2C:58-4c, 2C:58-4d, 2C:58-4f, 2C:58-5, 2C:58-6.1, 2C:58-7, 2C:58-10, 2C:58-12, 2C:58-15, 2C:58-17, 2C:58-19, and related statues such as N.J.A.C. 13:54, infringes upon the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution, and is facially invalid in that they (1) vest the State of New Jersey, Chief Police Officers, and Superior Court Judge with uncontrolled discretion and power to grant, deny, discriminate, infringe, abridge, restrict, limit, or ban "arms", "firearms", "assault firearms", "magazine capacity", and "ammunition", (2) abridge freedom of expression, (3) infringe upon the right to keep and bear arms at home and in public, (4) invade privacy, deprives life, liberty, or property, without due process of law, (5) imposes excessive fines, inflict cruel and unusual punishments, (6) abridge the privileges or immunities of plaintiff, (7) denies equal protection of the laws, (8) are motivated by racism and discrimination, (9) burdens the plaintiff to assist with firearm regulations, which is the sole responsibility of the state, (10) unconstitutionally vague, (11) encourage abuse of discretion, (12) violate the over breath doctrine, (13) violate the chilling effect doctrine, (14) violates the ripeness doctrine, (15) unconstitutionally burden protected conduct, (16) and have no legal standing.

63. The invalidities of the aforesaid statute and regulations, and Defendants' application of same, infringe Plaintiff and damage Plaintiff in violation of 42 U.S.C. § 1983.

64. Plaintiffs' injuries are irreparable because Plaintiff is entitled to enjoy his constitutional rights and common law rights in fact.

### FIRST CAUSE OF ACTION
U.S. Const. 1st Amendment, Prior restraint and Freedom of Expression,
42 U.S.C. § 1983

65. New Jersey Firearm Laws N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations, are facially unconstitutional and act as a Prior restraint and violates citizens' rights to Freedom of Expression by requiring citizens to obtain a permit or license before they may exercise their fundamental constitutional rights to keep and bear arms.

### SECOND CAUSE OF ACTION
U.S. Const. 2nd Amendment, Right to Keep and Bear Arms,
42 U.S.C. § 1983

66. New Jersey Firearm Laws N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations, are facially unconstitutional and violates the second amendment by requiring citizens to obtain a permit or license before they may exercise their fundamental constitutional rights to keep and bear arms.

### THIRD CAUSE OF ACTION
U.S. Const. 4th Amendment, Unreasonable Searches,
42 U.S.C. § 1983

67. New Jersey Firearm Laws N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations, are facially unconstitutional by subjecting Citizens to criminal and mental background checks, and fingerprinting before obtaining arms or firearms is in violation of the fourth amendment prohibition against unreasonable searches.

### FOURTH CAUSE OF ACTION
U.S. Const. 8th Amendment, Cruel and Unusual Punishments,
42 U.S.C. § 1983

68. New Jersey Firearm Laws N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations, are facially unconstitutional by subjecting Citizens to criminal prosecution and jail time for being in possession of arms and firearms without a permit or license is a violation of the eighth amendment prohibition against cruel and unusual punishment.

### FIFTH CAUSE OF ACTION
U.S. Const. 9th Amendment, Denial of Rights,
42 U.S.C. § 1983

69. New Jersey Firearm Laws N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations, are facially unconstitutional by requiring citizens to obtain a permit or license before they may travel with arms or firearms is in violation of the ninth amendment prohibition against denying fundamental rights merely because they are not specifically enumerated in the Constitution.

### SIXTH CAUSE OF ACTION
U.S. Const. 10th Amendment, Reservation of Rights,
42 U.S.C. § 1983

70. New Jersey Firearm Laws N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations, compelling Citizens to participate in enforcing State gun laws is facially unconstitutional and in violation of the tenth amendment prohibition against States taken away Citizens core and fundamental rights to enforce State statues.

## SEVENTH CAUSE OF ACTION
U.S. Const. 14th Amendment, Privileges, Immunities, Equal Protection, 42 U.S.C. § 1983

71. New Jersey Firearm Laws N.J.S. 2C:39-1 et seq., N.J.S. 2C:58-1 et seq., N.J.A.C. 13:54-1 et seq., and related regulations, that infringe, abridge, restrict, limit, or ban "arms", "firearms", "assault firearms", "magazine capacity", and "ammunition", is in violation of the fourteenth amendment prohibition against states passing and enforcing laws which abridge the privileges or immunities of Citizen to keep and bear arms in protection of self, and the States.

72. "Under any of the standards of scrutiny that we have applied to enumerated constitutional rights [the ban] . . . would fail constitutional muster". **District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 at 2817-2818. US v. Marzzarella, 614 F. 3d 85 - Court of Appeals, 3rd Circuit 2010 at 89.**

73. The State of New Jersey's Firearm Laws, including but not limited to: N.J. Stat. §2C:39-2, 2C:39-3, 2C:39-4, 2C:39-5, 2C:39-6, 2C:39-9, 2C:39-14, 2C:58-3, 2C:58-3b, 2C:58-3c, 2C:58-3c(5), 2C:58-3d, 2C:58-3e, 2C:58-3f, 2C:58-3h, 2C:58-3i, 2C:58-3j, 2C:58-4a, 2C:58-4b, 2C:58-4c, 2C:58-4d, 2C:58-4f, 2C:58-5, 2C:58-6.1, 2C:58-7, 2C:58-10, 2C:58-12, 2C:58-15, 2C:58-17, 2C:58-19, and related statues, are all facially unconstitutional because each statue was motivated by and passed through legislature based on racism and discrimination which are violations of the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution.

74. The root of New Jersey's firearm regulations requiring such as "permits", "licenses", "good character", "good cause", "good repute in the community", "public health safety and welfare", "need", "justifiable need", "urgent necessity for self-protection", "exemptions", and "limitations" are derived from slavery, motivated by racism and discrimination, and are vague or stealthy words and requirements that allows abuse of discretion, operates as a prior restraint, and a vehicle to infringe, limit, restrict, and ban "arms" and "firearms".

75. New Jersey's historical background, and legislative and administrative records suggest intent to deprive African-Americans from gun ownership in violation of the fourteenth amendment prohibition against states denying to any person within its jurisdiction the equal protection of the laws.

76. New Jersey Firearm Laws requiring local government or court approval before a permit or license is issued to Citizens to keep and bear arms, and requiring that Citizens must show "good character", "good cause", "good repute in the community", "public health safety and welfare", "need", "justifiable need", "urgent necessity for self-protection", "exemptions", and "limitations" is a violation of the equal protection clause of the fourteenth amendment, **Zablocki v Redhail, 434 US 374, 384 (1978).**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a. declaratory judgment that N.J. Stat. §2C:39-2, 2C:39-3, 2C:39-4, 2C:39-5, 2C:39-6, 2C:39-9, 2C:39-14, 2C:58-3, 2C:58-3b, 2C:58-3c, 2C:58-3c(5), 2C:58-3d, 2C:58-3e, 2C:58-3f, 2C:58-3h, 2C:58-3i, 2C:58-3j, 2C:58-4a, 2C:58-4b, 2C:58-4c, 2C:58-4d, 2C:58-4f, 2C:58-5, 2C:58-6.1, 2C:58-7, 2C:58-10, 2C:58-12, 2C:58-15, 2C:58-17, 2C:58-19, and related statues such as N.J.A.C. 13:54, violates the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution, and are facially invalid.

b. an injunction permanently restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing the Firearm Laws so as to deny, infringe, abridge, restrict, limit, or ban "arms", "firearms", "assault firearms", "magazine capacity" and "ammunition" in the State of New Jersey, which actions are facially invalid under the 1st, 2nd, 4th, 5th, 8th, 9th, 10th, and 14th amendment of the United States Constitution;

c. an injunction permanently restraining Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of this injunction, from enforcing the Firearm Laws so as to infringe, abridge, restrict, limit, or ban the purchasing of "arms", "firearms", "assault firearms", and "ammunition", on the ground that an applicant does not have "permits", "licenses", "good character", "good cause", "good repute in the community", "need", "justifiable need", "public health safety and welfare", "urgent necessity for self-protection", or "exemptions".

d. an injunction permanently restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing Citizens to participate in the federal or state regulation of firearms.

e. such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable;

**Dated: September 18, 2015**

Respectfully Submitted,

Marc Stephens
Plaintiff, pro se

**Marc A. Stephens**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
271 Rosemont Place, Englewood, NJ 07631, 201-598-6268

September 18, 2015

2015 SEP 21 ⊃ 2: 02

Martin Luther King, Jr.
U.S. Courthouse and Federal Building
50 Walnut Street
Newark, NJ 07101

**RE: Marc Stephens vs Edward Jerejian, et al Civil Complaint 2:14-cv-06688-WJM-MF**

Dear Clerk,

Enclosed please find:

1. Plaintiff's Third Amend The Complaint

Respectfully submitted.

Marc Stephens
Plaintiff
201-598-6268

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of September, 2015, I mailed a copy to the Clerk of Court who will then file the attached documents using the CM/ECF system, which will then send a notification to the following:

Adam Robert Gibbons, DAG: Adam.Gibbons@dol.lps.state.nj.us



XPAYED

Clerk's office
US courthouse
50 Walnut street
Newark, NJ 07102

RECEIVED

SEP 21 2015

AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

US POSTAGE PAID
$5.75

Origin: 07631
Destination: 07102
3.20 oz.
Sep 18, 15
33243108602-15

1021

PRIORITY MAIL® 1-DAY

Expected Delivery Day: 09/19/15

USPS TRACKING NUMBER

9505 5113 4546 5261 5011 01