# Marc A. Stephens

_____
21 Rosemont Place, Englewood, NJ 07631, 201-598-6268

November 16, 2015

Judge Martini
50 Walnut Street
Newark, NJ 07101

**RE: Stephens, et al vs City of Englewood, et al – Case# 2:14-cv-06688-WJM-MF**

Dear Judge Martini,

   Plaintiff is in receipt of the order <u>denying</u> the Motion for Reconsideration dated November 13, 2015.  The plaintiff is respectfully asking the court to reconsider the order and **grant** the Motion for Reconsideration and allow this case to proceed to discovery.

**1. "Plaintiff fails to demonstrate why this Court should reconsider its prior ruling. Consequently, Plaintiff—in his only remaining argument—<u>fails to show how this Court overlooked a clear error of law or fact</u>", see Order page 2.**

<b>THE FACTS and CLEAR ERROR OF LAW</b>

<u>The Fact #1 – Marc's Racism and Discrimination Argument</u>

   The court **continues to overlook** the plaintiff's complaint and argument, which is New Jersey's firearm laws were motivated by and passed through legislature based on <u>racism and discrimination</u>, and are facially unconstitutional.  Plaintiff points to the **fact** that the permit and licensing laws were created and passed through legislature not only in New Jersey, but all 50 states, which was extensively addressed by the United States Supreme Court in both Heller and McDonald, **ECF no. 22**.  **McDonald, 130 S.Ct. at 3047** (reiterating that "the scope of the Second Amendment right" is determined by **historical analysis** and not interest balancing).  In October 1694, "<u>An Act concerning Slaves</u>" was enacted in New Jersey; [§1] WHEREAS complaint is made by the inhabitants of this Province, that they are greatly injured by <u>slaves having liberty to carry guns</u>.  On May 5, 1722, New Jersey passed an Act to prevent the Killing of Deer out of Season, and against <u>Carrying of Guns</u> and Hunting by Persons not qualified,"…"shall be construed to <u>extend to Negro, Indian or Mullato Slaves</u>, so as to commit them to prison, … or carrying or Hunting with any <u>Gun, without Lisence from his Master</u>".  In 1751, in New Jersey "An Act …to prevent Negroes and Molatto Slaves,…from meeting in large Companies,…and from hunting or <u>carrying a Gun</u> on the Lord's Day was enacted.  Based on the historical analysis, this is irrefutable proof that New Jersey permit and license laws were created based on racism and discrimination, which is a clear violation of the 1st, 2nd, 4th, 5th, 8th, 10th, and 14th amendment to the United States Constitution, **ECF no. 6, page 4, paragraph 28-33.**

The Clear Error of Law #1:

The Federal District Court has <u>full jurisdiction</u> to review this case under <u>strict scrutiny</u>. "The Supreme Court recognizes race, national origin, religion and alienage as suspect classes; it therefore analyzes any government action that discriminates against these classes under <u>strict scrutiny</u>". **Hirabayashi v. United States, 320 U.S. 81 [5] and Korematsu v. United States, 323 U.S. 214 (1944); Adarand Constructors v. Peña, 515 U.S. 200 (1995); see United States v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010)**. "Strict scrutiny" was required because the classification created by the statute infringed upon a <u>fundamental right</u>, **Zablocki v. Redhail, 434 US 374 - Supreme Court 1978 at 381.** Drake v Filko ruling does not supersede the United States Supreme court opinion that race discrimination is a violation of the 14th amendment of United States Constitution.

The Fact #2  - Drake v Filko was reviewed under intermediate scrutiny

The court **continues to overlook** the plaintiff's argument that Drake v Filko was **not** about racial discrimination in New Jersey license scheme. Drake v. Filko argument was about "justifiable need" requirements in New Jersey license scheme. In addition, Drake v. Filko was reviewed under **intermediate scrutiny**, see **"Point I", ECF no. 15-1, page 2**. Plaintiff Marc Stephens is requesting the District Court to review the entire license and permit requirement under **strict scrutiny**, **ECF no. 6, page 1, para 1-6**; and **ECF no. 22, page 6, para #6**.

The Clear Error of Law #2:

The district court argues that the Third Circuit has upheld New Jersey's "justifiable need" requirement as constitutional **under Heller**, Citing, Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013). McDonald v. City of Chicago (2010), which was decided **after** Heller, ruled "[T]he State cannot interfere with the right of the citizen to keep and bear arms. The right to keep and bear arms is included in the fourteenth amendment, under `privileges and immunities.'" Proceedings in the Ku Klux Trials at Columbia, S. C., in the United States Circuit Court, November Term, 1871, p. 147 (1872)", McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077-3083. **ECF no. 22, page 3, paragraph 1**. Drake v Filko ruling <u>does not</u> supersede the United States Supreme court opinion that states **cannot** enact licensing laws. In addition, New Jersey **admits** that they are enacting <u>gun control laws</u>, "<u>Permits</u> to carry handguns are "the most closely regulated aspect" of New Jersey's **gun control laws**. In re Preis, 118 N.J. 564, 573 A.2d 148, 150 (1990). Individuals who wish to carry a handgun in public for self-defense **must first obtain a license**. N.J.S.A. § 2C:39-5(b)", see Drake v. Filko, 724 F. 3d 426 - Court of Appeals, 3rd Circuit 2013 at 428-429. "The **state cannot "enact any gun control law**" that they deem to be reasonable. <u>Time and again</u>, however, <u>those pleas failed</u>. Unless we turn back the clock or adopt a special incorporation test applicable <u>only to the Second Amendment</u>, municipal respondents' argument **must be rejected**", McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme

Court 2010 at 3046, **ECF no. 22, page 4, paragraph 3**. When slaves became citizens all 50 states passed firearm permit and license laws on <u>all citizens</u> which the United States Supreme Court has rejected in McDonald. In McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010, the City argued, "Article IV, § 2, prohibits only state discrimination with respect to those rights it covers, but does not deprive States of the power to deny those rights to <u>all citizens equally</u>". Id at 3075. The U. S. Supreme Court **rejected** this argument as "<u>implausible</u>", Id at 3077. **ECF no. 22, page 7**.

## CONCLUSION

Heller and McDonald are the controlling opinions from the United States Supreme Court. In regards to the second amendment, the right to keep and bear arms in home and in public, <u>Heller ruling applies to the individual, and McDonald ruling applies to the States</u>. The Rooker-Feldman doctrine <u>does not apply</u> to the plaintiff's complaint and argument that the New Jersey's Firearm permit and license law was motivated by and passed through legislature based on racism and discrimination. For the reasons above, Plaintiff's motion for reconsideration and to amend the complaint should be granted. The plaintiff has put forward enough information and case law for the court to grant a summary judgment based on law alone.

Respectfully submitted,

Marc Stephens
Plaintiff
201-598-6268

# Marc A. Stephens

271 Rosemont Place, Englewood, NJ 07631, 201-598-6268

November 16, 2015

Judge William J. Martini
Martin Luther King, Jr.
U.S. Courthouse and Federal Building
50 Walnut Street
Newark, NJ 07101

**RE: Marc Stephens vs Edward Jerejian, et el Civil Complaint 2:14-cv-06688-WJM-MF**

Dear Judge William J. Martini,

Enclosed please find:

1. Second Motion for Reconsideration, Letter Brief

Respectfully submitted,

Marc Stephens
Plaintiff
201-598-6268

RECEIVED
NOV 19 2015
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2015, I mailed a copy to the Clerk who will file using the CM/ECF system, which will then send a notification of such filing to the following:

Adam Robert Gibbons, DAG: Adam.Gibbons@dol.lps.state.nj.us

M STEPHENS
271 Rosemont Pl
ENGLEWOOD, NJ 07631

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
NOV

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
NOV

Clerk's office
US Courthouse
50 Walnut Street
Newark, NJ 07101
Case: 2:14-cv-06688-WJM-MF



UNITED STATES POSTAL SERVICE
1000
001
U.S.
ENG
NOV
A