UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC A. STEPHENS,<br><br>        **Plaintiff,**<br><br>v.<br><br>THE HONORABLE EDWARD A. JEREJIAN, in his official capacity as Judge of the Superior Court of Bergen County; CHIEF ARTHUR O'KEEFE, in his individual and official capacity as Chief of the Englewood, New Jersey Police Department; JOHN JAY HOFFMAN in his official capacity as the Attorney General of New Jersey,<br><br>        **Defendants.** | Civ. No. 2:14-CV-06688 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff Marc A. Stephens ("Plaintiff") brings this "motion to reopen" *pro se* against the Honorable Edward A. Jerejian, in his official capacity as Judge of the Superior Court of Bergen County ("Jerejian"), Chief Arthur O'Keefe, in his individual and official capacity as Chief of the Englewood Police Department ("O'Keefe"), and John Jay Hoffman, in his official capacity as the Attorney General of New Jersey ("Hoffman"). For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

The Court assumes familiarity with the facts of this matter, as discussed in the Court's previous Opinions on August 4, 2015 and November 13, 2015, and will only discuss the relevant facts below. Plaintiff filed this instant motion on August 9, 2022, asking the Court to reopen this matter based on an intervening change in controlling law. Specifically, Plaintiff argues that the United States Supreme Court's recent opinion in *New York State Rifle & Pistol Assoc. Inc. v. Bruen*, 142 S. Ct. 2111 (2022) merits reopening this matter. Plaintiff goes on to argue that: (1) New Jersey's justifiable need requirement for a firearm carry permit is unconstitutional; (2) the right to keep and bear arms is a fundamental and guaranteed right; (3) states cannot interfere with the right of citizens to keep and bear arms; (4) states cannot enact gun control laws; (5) states cannot ban arms, firearms, ammunition, or interfere with citizens' right to keep and bear arms of any description due to public safety concerns; (6)

people do not need to obtain a permit, license, identification cards, or to register firearms in order to exercise guaranteed and fundamental constitutional rights; (7) the individual fundamental and inalienable right to bear arms for the purpose of self-defense extends beyond the home; (8) *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013) was incorrectly reviewed under intermediate scrutiny; and (9) NJ firearm permit and licensing laws applied only to slaves and cannot survive strict scrutiny. Pl. Mot. at 3-19. Plaintiff does not state which Federal Rule of Civil Procedure he is basing his motion on, but the Court will construe it as a motion for reconsideration under Rule 59(e) since reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

## II.   LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") allows a party to move a district court to reconsider its judgment. A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1995) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## III.   DISCUSSION

The Court has the discretion to decide the merits of Plaintiff's motion. Local Civil Rule 7.1(i) explicitly requires motions for reconsideration be filed no later than fourteen days after the decision at issue. Plaintiff filed the present motion nearly 7 years after this Court denied his second motion for reconsideration. However, courts in this district have relaxed this requirement when the motion is based on an intervening change in law. *See Doe v. Princeton Univ.*, 2020 U.S. Dist. LEXIS 237293, at *5 (Dec. 17, 2020); *Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 401 (D.N.J. 2000).

The crux of Plaintiff's argument is that an intervening change in controlling law, specifically *New York State Rifle & Pistol Assoc. Inc. v. Bruen*, (2022), warrants reopening and reconsidering this Court's previous decision dismissing Plaintiff's complaint. 142 S. Ct. 2111 (2022). In *Bruen*, the Court ruled that "an individual's right to carry a handgun for self-defense outside the home" is a constitutional right under the Second Amendment. 142 S. Ct. at 2112. *Bruen* further found that New York State's requirement that applicants who sought unrestricted licenses to carry a concealed pistol on their person "demonstrate[ ] a special need for self-defense" violated the Constitution. *Id.* However, Plaintiff's original complaint centered around being denied a New Jersey firearms purchaser identification card as well as permits to purchase handguns in New Jersey. Plaintiff appealed to the New Jersey Superior Court where the Honorable Edward Jerejian upheld the denial of Plaintiff's applications. In the underlying action, the relief Plaintiff seeks is to have this Court require the issuance of permits to purchase firearms as denied by Judge Jerejian, however, this demand runs afoul with the *Rooker-Feldman* doctrine.

In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, the Supreme Court clarified that the *Rooker-Feldman* doctrine applies specifically to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Here, Plaintiff complains that his rights were violated by the denial of his permits to purchase firearms. After he lost twice in state court, Plaintiff sought federal court review of the underlying state action. Like before, this matter falls squarely within *Rooker-Feldman* and is therefore barred. Furthermore, *Bruen's* limited holding regarding carrying a firearm outside of the home has no bearing on Plaintiff's initial denial of a firearm permit. The proper course is for Plaintiff to re-apply for the permits so that he can demonstrate his fitness to purchase the firearms. The remainder of Plaintiff's arguments similarly fail to meet the standard set forth in Federal Rule of Civil Procedure 59(e). Therefore, Plaintiff's motion is **DENIED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion is **DENIED WITH PREJUDICE**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: **January 17, 2023**

3